UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ADAMS, | No. 2:20-cv-1902 CKD P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Having conducted the required screening, the court finds that plaintiff may proceed on the following claims:

1.  A claim arising under the Eighth Amendment against defendants Coder and Clays for failure to protect plaintiff from violence.

2.  A claim arising under the First Amendment against defendant Jones for retaliating against plaintiff for protected conduct.

At this point, plaintiff has two options:  1) proceed on the claims identified above; or 2) attempt to cure the deficiencies in plaintiff's complaint in an amended complaint.  In considering whether to amend, the court advises plaintiff as follows:

1.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2.  Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983.  Id.

3. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

1  postdeprivation remedy for the loss is available" as it is in California.  Hudson v. Palmer, 468
2  U.S. 517, 533 (1984).
3        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
10        In accordance with the above, IT IS HEREBY ORDERED that:
11        1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
12        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
13  shall be collected and paid in accordance with this court's order to the Director of the California
14  Department of Corrections and Rehabilitation filed concurrently herewith.
15        3. Plaintiff is granted 21 days within which to complete and return the attached form
16  notifying the court whether he wants to proceed on the claims described in this order or whether
17  he wishes to file an amended complaint in an attempt to cure the deficiencies in his original
18  complaint.  If plaintiff does not return the form, this action will proceed on the claims described
19  above.
20  Dated:  February 12, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
adam1902.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ADAMS, | No. 2:20-cv-1902 CKD P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE OF |
| PATRICK COVELLO, et al., | HOW TO PROCEED |
| Defendants. | |

**Check one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the following claims:

    1. A claim arising under the Eighth Amendment against defendants Coder and Clays for failure to protect plaintiff from violence.

    2. A claim arising under the First Amendment against defendant Jones for retaliating against plaintiff for protected conduct.

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                                                                                         Plaintiff